### BLOOMINGDALE et al. v. KELLER.

#### (Supreme Court, Appellate Term. June 24, 1910.)

NAMES (§ 14*)—IDENTITY OF DEFENDANT—EVIDENCE.

    In an action against one Herman Keller for the purchase price of a piano, evidence that plaintiffs sold a piano to one Herman Keller, that Herman Keller gave a chattel mortgage on the piano, and that the piano was delivered to Herman Keller, together with defendant's admission in his answer that he had paid a certain sum on account, presumptively established defendant's identity, and made a prima facie case for plaintiffs.

    [Ed. Note.—For other cases, see Names, Cent. Dig. § 10; Dec. Dig. § 14.*]

Appeal from Municipal Court, Borough of Manhattan, Ninth District.

Action by Samuel J. Bloomingdale and others against Herman Keller. From a judgment for defendant dismissing the complaint, plaintiffs appeal. Reversed, and new trial ordered.

Argued before SEABURY, GUY, and BIJUR, JJ.

C. Bertram Plante, for appellants.

Simon Kubel (Arthur Rosenberg, of counsel), for respondent.

SEABURY, J. The complaint alleges that the plaintiffs sold and delivered a piano to the defendant at the agreed price of $325, and that the defendant paid $45 of this sum, and demands judgment for $280. The answer admits the payment of $45 to the plaintiffs, and denies all the other allegations of the complaint.

The plaintiffs proved that they sold a piano to one "Herman Keller," and that "Herman Keller" had given a chattel mortgage upon the piano. They also proved that the piano was delivered to "Herman Keller." The court below dismissed the complaint, upon the ground that the "Herman Keller" to whom the piano was sold was not identified as Herman Keller, the defendant. We think that this ruling was unduly strict. The identity of name of the defendant and the person to whom the piano was sold, and who executed a mortgage upon it, together with identity of residence, which was shown, and the fact

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

that the defendant in his answer admitted that he had paid $45 on account to the plaintiffs, presumptively established the identity of the defendant. The plaintiffs proved a prima facie case, and it was error to dismiss the complaint.

Judgment reversed, and new trial ordered, with costs to the appellants to abide the event. All concur.